WASHINGTON,
*March,*
1831.

THOMAS POTTER *vs.* JAMES B. TAYLOR.

An unqualified covenant against incumbrances, as usually expressed in deeds of conveyance, is broken at once by the existence of any outstanding incumbrance. And in an action on such covenant, the plaintiff is entitled to recover for payments made by him, pending the suit, to clear off such incumbrance.

An exception, immediately following such covenant, of a certain mortgage to a specified amount, operates as a qualification of the covenant, which is broken if the mortgage exceeds that amount.

The plaintiff declared on a covenant against incumbrances, contained in a conveyance of real estate, executed by the defendant to the plaintiff, on the 1st day of April, A. D. 1828. The defendant pleaded *non est factum* and general performance, on which issue was joined to the court by agreement of parties.

The deed containing the covenant declared on, together with all the other usual covenants, was read in evidence without objection. The premises were subject to a mortgage executed to one Crane, for securing a note of $80 and interest, and another in favor of one Bradford Kinney, given to secure a demand payable in hay; and it was admitted that the former constituted a valid incumbrance when the defendant deeded to the plaintiff; but it was insisted that the latter was excepted from the covenants in the defendant's deed. The exception relied upon was inserted in the deed after the covenants, and was in the following words :—" Except the amount of a mortgage held by Bradford Kinney, on which is due about eighteen tons of hay." There was in fact due to Kinney twenty-eight tons of hay, which the plaintiff had been obliged to pay for, and he claimed to recover for the excess above eighteen tons in this action.

After the issuing of the plaintiff's writ, on the 1st day of March, A. D. 1830, and before the service of it, on the 8th, to wit, on the 6th day of March, the plaintiff paid to Crane the amount of his mortgage—Crane having instituted a suit against him to enforce payment.

Two questions were made :—1st, Whether the plaintiff was entitled to recover more than nominal damages on account of the mortgage to Crane, inasmuch as he did not pay off that incumbrance until after the commencement of his action.—2d, Whether there was any remedy on the covenants in the defendant's deed by reason of the mortgage to Kinney. The coun-

ty court having ruled in favor of the plaintiff on both points, the case was brought up on exceptions to that decision.

WASHINGTON,
*March,*
1881.

Potter
*vs.*
Taylor.

*Smith & Peck, in support of the exceptions.*—In respect to the Crane mortgage, the plaintiff can recover only nominal damages. He should have paid off the incumbrance before bringing his suit. Such damages only can be recovered as had accrued at the date of the writ.—4 Pick. 106.—2 Saund. R. 169. *Actio non* in every case goes to the commencement of the suit, and not to the time of pleading.—3 T. R. 186. The question always is, had the plaintiff a cause of action at the commencement of his suit?

The Kinney mortgage is to be regarded as excepted from the operation of the covenant of warranty. The defendant warrants against all claims but those of this mortgagee. But if the exception is from the operation of the covenant against incumbrances, then the whole mortgage is to be excluded, for it is clearly not an exception of part of a mortgage. The words " on which there is due about eighteen tons of hay," are merely descriptive of the mortgage. They are thrown in as the opinion of the grantor as to the sum due, but cannot amount to a covenant that no more is due. Where land is conveyed by metes and bounds, or by lots and numbers according to a public plan or survey, it has been uniformly held that the enumeration of quantity is not of the essence of the contract, and does not amount to a covenant that the premises conveyed contain the number of acres specified. The rule that a deed is to be construed most strongly against the grantor, has been greatly perverted. It only applies where there is some ambiguity arising on the face of the deed.—2 John. R. 37.—1 Aik. 325.— 2 Mass. 380—5 *Ib.* 355—6 *Ib.* 131.

*Merrill & Spalding contra.*—The exception in the deed applies to and qualifies the covenant against incumbrances, for this was manifestly the intention of the parties. Words may be transposed to give effect to an intent where that is evident. 1 Sw. Dig. 222–3. The phraseology used shows that the exception was intended to operate as a limitation or qualification of the otherwise general covenant against incumbrances. It is appropriate to such a covenant, but would be absurd when applied to restrict a covenant of warranty. It amounts to a covenant that there is no incumbrance except a claim for 18 tons

of hay.   The expression is not "except a mortgage deed;"
it is not the mortgage which is excepted, but the amount due
upon it.   This is not intended for a description, but is an aver-
ment of a fact, and constitutes an express covenant.   "Any
form of words or mode of expression which clearly evinces an
agreement, will amount to a covenant."—1 Sw. Dig. 353—
Bul. N. P. 157.—6 Johns. R. 49.—10 1b. 484.   "Where
there is any doubt as to the construction of a covenant, it is a
rule, that is to be taken in that sense which is most strong
against the covenantor, and beneficial to the other party."—2
Esp. N. P. 270.   It must be evidentth at the land was estimated
on the supposition that only the amount of 18 tons of hay was
due on the mortgage to Kinney.   And as the plaintiff was obli-
ged to rely on the amount which the defendant saw fit to limit
as the sum due, this limitation of the sum should be construed
as a covenant.

As to the other point, we contend that the service of the
writ should be deemed the commencement of the action.   But
if we are mistaken in this, still, as a cause of action had accru-
ed for at least nominal damages, for the breach of covenant in
relation to the Crane mortgage, and as no subsequent suit can
be sustained for the money paid to extinguish that incumbrance,
it is right to include it as part of the damages in this suit.   In
the case of *Robinson* vs. *Bland*, 2 Bur. 1086, Lord Mans-
field says, "It is agreeable to the principles of the common law,
that whenever a duty has incurred, pending the writ, for which
no satisfaction can be had by a new suit, such duty shall be in-
cluded in the judgment to be given upon the action already de-
pending."   This principle prevails in the action of account,
and all articles of account, though incurred since the writ, shall
be included, and the whole brought down to the time when the
auditors make an end of the account.   The rule is, that if a
new suit will lie for the matter subsequently accruing, such new
matter shall be left for a fresh suit, but otherwise it shall be in-
cluded in the pending suit.—Jacob L. D. 185—1 Mass. 10.

The opinion of the court was delivered by

Royce, J.—This action is founded on a covenant against
incumbrances, which, being unqualified and absolute as it relates
to the mortgage in favor of Crane, became at once broken by
the existence of that incumbrance.   A cause of action had there-

fore accrued on account of that mortgage when this suit was commenced. It is true, as the law is now settled, that the plaintiff would be entitled to nominal damages only, except for actual payments made upon the mortgage. And in this instance the mortgage was paid off after the action was instituted. That payment, however, was not the ground of action, but a consequence of it. It was a loss necessarily resulting to the plaintiff, from the breach of covenant which constitutes the cause of action; and as such it was properly included in the damages recovered.

WASHINGTON,
*March,*
1831.

Potter
*vs.*
Taylor.

In the defendant's deed, next after the usual covenants, the following words were inserted :—" Excepting the amount of a mortgage held by Bradford Kinney, on which is due about eighteen tons of hay." And the question is, whether the mortgage to Kinney is thereby wholly excluded from the operation of all the covenants, or the covenants are only qualified by these expressions, leaving the defendant answerable for what was due on the mortgage beyond the eighteen tons of hay. On the one side, we are asked to construe the latter clause of the sentence as an estimate intended only for description; on the other, as an allegation of the sum due, by which the defendant is bound. As the instrument is drawn, it is doubtless susceptible of these different interpretations, and the intention of the parties must be the first and main guide of construction. Here a portion, at least, of the mortgage was excepted from the covenants, and was thereby left as a lien upon the estate for the plaintiff to discharge. The price of the land must therefore have been calculated with reference to the incumbrance upon it created by the mortgage. The amount of that incumbrance was a matter peculiarly within the defendant's knowledge, he being the mortgagor. Under these circumstances a sum is specified as the amount due on the mortgage. This is not to be regarded as an unmeaning or inadvertant act, but as the result of some mutual design. As a mere description of the mortgage, it was a most imperfect and uncertain test of identity; but considered as a stipulation, limiting the extent of the incumbrance, it was consistent with the apparent justice of the transaction, and the probable expectations of both parties. Indeed, it is difficult to assign a motive for inserting any particular sum as due on the mortgage, unless it was to fix a line of mutual responsibility in regard to that incumbrance. We are satisfied that this is the sense in which the contract is to be

Washington,
March,
1831.

Potter
vs.
Taylor.

understood.    The covenant, as qualified by the exception, amounts to this, that the estate is free from all incumbrance, except the value of eighteen tons of hay, which is due upon the mortgage to Kinney.    Consequently, if a greater amount was due on that mortgage, the covenant was falsified and broken.

Judgment of county court affirmed.